IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA BONANT,

        Plaintiff,

        v.

MONARK STUDENT
TRANSPORTATION CORPORATION,
a Pennsylvania business corporation, and
MARK SCHMITT, individually and as
president of Monark Student
Transportation Corporation,

        Defendants.

10cv1654
**ELECTRONICALLY
FILED**

**MEMORANDUM AND OPINION**

This is a sexual harassment / sexual discrimination lawsuit filed on behalf of Plaintiff, Donna Bonant, against her employer, Defendant Monark Student Transportation ("Monark") and its president Mark Schmitt ("Schmitt"). Doc. no. 11. Presently before the Court is Defendants' Motion for Summary Judgment and Brief in Support which contends that Plaintiff failed to adduce evidence during discovery sufficient to support any of her claims against either Defendant. Doc. nos. 28 and 31.

Plaintiff has filed a Response (see doc. no. 37) and a Brief in Opposition (see doc. no. 42) contending that ample evidence exists to support her claims. For the reasons that follow, this Court will grant in part and deny in part Defendants' Motion for Summary Judgment.

## II. STANDARD OF REVIEW

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2).

When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party. Fed. R. Civ. P. 56(e)(2).

To demonstrate entitlement to summary judgment, defendant, as the moving party, is not required to refute the essential elements of the plaintiff's cause of action. Defendant needs only point out the absence or insufficiency of plaintiff's evidence offered in support of those essential elements. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Once that burden has been met, plaintiff must identify affirmative evidence of record that supports each essential element of his cause of action. If plaintiff fails to provide such evidence, then he is not entitled to a trial, and defendants are entitled to summary judgment as a matter of law. *Id.*

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law. It is on this standard that the court has reviewed Defendants' motion and Plaintiff's response thereto.

## III. DISCUSSION

A. **Plaintiff's Sexual Harassment / Hostile Work Environment Claim – Exhaustion of Administrative Remedies**

Defendants contend that Plaintiff failed to raise a hostile work environment claim when she was before the EEOC, and thus, she failed to exhaust her administrative remedies with respect to this claim.[1] Plaintiff counters this argument by claiming that she, on multiple occasions, informed the EEOC, orally and in writing, that she was the victim of a sexual assault and Defendant discriminated against her for reporting the assault. Doc. no. 42, pp. 5-6. Plaintiff also contends that she informed the EEOC that Defendant Schmitt, owner of Defendant Monark, witnessed the assault. *Id.,* p. 6. Thus, Plaintiff contends the EEOC was aware of her sexual harassment/hostile work environment claim, as were Defendants, and therefore she exhausted her administrative remedies and may proceed with this claim. *Id.*

The filing of a charge with the EEOC and receipt of a notice of the right to sue are prerequisites to a civil action under Title VII. *Hicks v. Abt Assocs.*, 572 F.2d 960, 963 (3d Cir. 1978). Before filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC. *Id*. §§ 2000e-5. Once a charge is filed, the EEOC investigates the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action. *Carter v. Potter*, 258 Fed. Appx. 475, 477 (3d Cir. 2007) citing, *Burgh v. Borough Council*, 251 F.3d 465, 470 (3d Cir. 2001). The ensuing suit is limited to claims that are within the scope of the initial administrative charge. *Williams v. East Orange Community Charter School*, 396 Fed. Appx. 895, 897 (3d Cir. 2010) citing, *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). "The purpose of requiring exhaustion is to afford the

---

[1] In their Answer to the Amended Complaint, Defendants raised Plaintiff's failure to exhaust her administrative remedies as their sixth affirmative defense. See doc. no. 15, ¶ 18. Thus, Defendants preserved the right to argue this point in their Motion for Summary Judgment.

EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Id*.

After the charge is filed with the EEOC "the scope of the resulting private civil action in the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . . ." *Hicks*, 572 F.2d at 966 (internal quotations and citations omitted). In *Hicks*, the United States Court of Appeals for the Third Circuit held that the district court was not barred from hearing a sex discrimination claim that had not been included in the original administrative complaint because it was unclear whether the EEOC had improperly refused to amend the complaint. *Id*. at 964.

Following *Hicks*, the Court of Appeals refined its position with respect to the scope of claims that can reasonably be expected to grow out of a discrimination charge. *See e.g.*, *Anjelino v. New York Times Co.*, 200 F.3d 73, 92-3 (3d Cir. 1999) (reversing district court's dismissal of hostile work environment claims finding that wording of EEOC complaint – "abusive atmosphere" – was sufficient to maintain such claims); *Spindler v. Southeastern Pennsylvania Transp. Authority*, 47 Fed. Appx. 92, 94-95 (3d Cir. 2002) (affirming district court's dismissal of plaintiff's charge of racial discrimination which did not fall fairly within scope of his original complaint alleging disability discrimination); and *Barzanty v. Verizon PA, Inc.*, 361 Fed. Appx. 411, 414 (3d Cir. 2010) (affirming district court's dismissal of plaintiff's hostile work environment claim where nothing plaintiff wrote in her EEOC charge form could be interpreted as giving rise to such a claim).

Although the *Hicks* standard does not preclude a plaintiff from asserting a claim for failing to check a box on the EEOC form, it does prevent a plaintiff from greatly expanding an investigation by alleging new and different facts when contacted by the EEOC following her

4

charge. *Barzanty,* 361 Fed. Appx. at 414, citing *Hicks,* 572 F.2d at 967. Because the EEOC is required to serve notice on the employer against whom the charges are made, this standard also allows an employer to be put on notice of the claims likely to be filed against it. See 42 U.S.C. §§ 2000e-5(b), (e)(1). *Id*. In sum, the *Hicks* standard and its progeny suggest that if the allegations in a plaintiff's Complaint fall "fairly within the scope of the ... EEOC complaint, or the investigation arising therefrom" then those claims may proceed. *Atkinson v. LaFayette College*, 460 F.3d 447, 453 (3d Cir. 2006), citing *Antol* 82 F.3d at 1295.

This Court must now determine whether to preclude Plaintiff's sexual harassment/hostile work environment claim because such a claim constitutes a "great expansion" from that which is set forth on her EEOC charge form; or, whether she adequately placed the EEOC (and thus her employer) on notice of such a claim thereby providing the EEOC with the opportunity to investigate that particular claim, and thus exhausting her administrative remedies. Based on the evidence of record, although the EEOC Charge Form does not specifically set forth details concerning Plaintiff's sexual harassment claim, the evidence of record supports this Court's finding that Plaintiff notified the EEOC of her sexual harassment claim/hostile work environment claim thereby inviting an investigation of the claim. There is also evidence that Defendants were placed on notice of the alleged hostile work environment by Plaintiff's claim that Defendant Schmitt was present during one (or more) of the harassing incidents. Accordingly, Plaintiff's sexual harassment/hostile work environment claim will proceed to trial. See, *infra.* at pp. 6-7.

As noted above, Plaintiff's EEOC charge clearly expresses Plaintiff's belief that she was discriminated against on the basis of her sex. See doc. no. 30, at p. 82. The EEOC charge form reads in pertinent part as follows:

> During the course of my employment with [Defendant Monark], I had been denied promotions . . . I was denied full time hours and given older buses to drive. I was given less-favorable route assignments. . . . I believe I was discriminated against because of my sex . . . in that throughout my employment I was treated less favorably male employees. . . .

*Id*.

This Court finds that the allegations set forth above differ from those described in *Hicks* and *Anjelino*. Here, there is no statement specifically referencing a hostile work environment. However, this Court finds that Plaintiff's circumstances and the evidence presented to this Court are not entirely akin to facts in *Barzanty*.

As Plaintiff notes in her Brief in Opposition to Defendants' Motion to Dismiss, she placed the EEOC on notice of her sexual harassment/hostile work environment claims when she submitted her Discharge Intake Questionnaire and subsequently sent a letter to the EEOC reiterating this claim. This Court acknowledges that in *Barzanty*, the Court of Appeals held that a plaintiff may not rely upon any allegations set forth in her EEOC Intake Questionnaire because that form is not shared with the employer. *Barzanty,* 361 Fed. Appx. at 415 ("A plaintiff cannot be allowed to transfer the allegations mentioned only in the questionnaire to the charge itself. Not only would this be circumventing the role of the [EEOC], but it would be prejudicial to the employer.").[2]

---

[2] This Court further notes that in a footnote in *Barzanty* the Court of Appeals stated:

> Barzanty argues that because Verizon requested her EEOC file, including the Intake Questionnaire, denied the allegations of a hostile work environment in its answer, and questioned her during her deposition on the allegations of a hostile work environment, Verizon would not be prejudiced by allowing her to proceed on this claim. Although Verizon may not be unduly prejudiced in this case, Barzanty still cannot circumvent the aforementioned administrative exhaustion requirements. *See Anjelino*, 200 F.3d at 93 ("The preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are 'essential parts of the statutory plan ....' " (quoting *Ostapowicz* [*v. Johnson Bronze Co.*], 541 F.2d at 398)).

361 Fed. Appx. at 415, n. 6.

Here, however, Plaintiff contends that she wrote to the EEOC and noted that she was assaulted by another bus driver in front of Defendant Schmitt, owner of Defendant Monark. Doc. no. 42, p. 6. In addition, Plaintiff alleges that Defendant Schmitt was present when other incidents occurred. See doc. no. 41, pp. 20, 27. Thus, Plaintiff has alleged that Defendant Schmitt personally observed incident(s) – including one sexual assault – and she argues that these personal observations suffice as notice of a hostile work environment. These facts distinguish the instant case from *Barzanty*.

In sum, this Court finds that whether an assault actually took place and whether it occurred in front of Defendant Schmitt appears to be a material question of fact for the jury. Should the jury believe Plaintiff and determine that a sexual assault occurred in front of Defendant Schmitt, Plaintiff's hostile work environment claim may proceed.

This Court further acknowledges that in *Ostapowicz*, a case upon *Barzanty* relies, the Court of Appeals held:

> . . . While preliminary requirements for a Title VII action are to be interpreted in a nontechnical fashion, . . . the aggrieved person is not permitted to bypass the administrative process. . . .
>
> In order to comply with the spirit of the Act, there must be some limitation on suits in the district court so that the [EEOC] will have the first opportunity to examine the allegations of discrimination. Courts have generally determined that the parameters of the civil action in the district court are defined by the scope of the EEOC investigation . . . .

541 F.2d at 398.

In this case, the evidence of record clearly shows that Plaintiff provided the EEOC with evidence of a hostile work environment claim. Thus, it is reasonable for this Court to expect that the EEOC investigated this claim. In light of the fact that the seminal Circuit Court decisions on this issue (such as *Hicks* and *Antol* and *Ostapowicz*)

7

hold that the civil action in the district court is defined by the scope of the EEOC investigation – not just what is placed on the Charge form – Plaintiff's failure to detail her sexual harassment on the Charge Form is not fatal to her sexual harassment/hostile work environment claim.

Moreover, based on the evidence of record, a genuine issue of material fact as to whether one or more of the incidents which would give rise to a hostile work environment occurred in front of Defendant Schmitt, owner of Defendant Monark, thereby providing Defendants with notice of such an alleged environment.

In reliance upon the *Hicks* standard, this Court at this juncture will not preclude Plaintiff from asserting a claim for sexual harassment/hostile work environment based solely on its absence from the EEOC Charge Form, given the irrefutable evidence of record that the EEOC was placed on notice of such a claim, combined with Plaintiff's allegations that Defendant Schmitt personally observed incident(s) that give rise to such a claim. Accordingly, this Court will deny Defendant's Motion for Summary Judgment on this issue and will allow Plaintiff's claim for hostile work environment to proceed to trial.

### B. Plaintiff's Sexual Harassment / Hostile Work Environment Claim – Prima Facie Case

Defendants alternatively contend that if this Court should conclude that Plaintiff's hostile work environment claim may proceed (as it has), Plaintiff has failed to adduce enough evidence to support a *prima facie* claim for sexual harassment/hostile work environment. This Court disagrees.

Creating a framework or test for determining whether a plaintiff has asserted a prima facie case for a hostile work environment claim, the United States Court of Appeals for the Third Circuit in *Weston v. Pennsylvania*, 251 F.3d 420, (2001), held as follows:

> Five constituents must converge to bring a successful claim for a sexually hostile work environment under Title VII: (1) the employee suffered intentional discrimination because of their sex, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position, and (5) the existence of respondeat superior liability.

*Weston*, 251 F.3d at 426 (footnote and citations omitted).

Given the evidence discussed in greater detail in subpart "A." above, this Court finds that Plaintiff has met her burden of establishing a prima facie case for sexual harassment/hostile work environment. Defendant's Motion for Summary Judgment will be denied in this respect and Plaintiff's claim for hostile work environment will proceed to trial.

### C. Plaintiff's "Part Time Work" Discrimination Claims

#### 1. Defendants' Prima Facie Case Argument

Defendants contend that because evidence exists which illustrates that other women were given part-time work assignments, Plaintiff's sexual discrimination claim predicated upon Defendants' failure to give her part-time work must be dismissed. Plaintiff counters by supplying contradictory testimony suggesting that at Defendants' facility, where she worked, no woman was given the alleged desirable, additional part-time work.

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1979), the United States Supreme Court established the framework for discrimination claim based on gender. The United States Court of Appeals for the Third Circuit recently reiterated the criteria as follows:

> . . . a plaintiff must show that (1) she is a member of a protected class; (2) she is qualified for the position in question; (3) she suffered an adverse

employment action; and (4) circumstances exist that give rise to an inference of unlawful discrimination in that similarly situated male employees were treated more favorably.

*Brown-Baumback v. B&B Automotive, Inc.*, 2011 WL 2421036, *4 (3d Cir. June 17, 2011), citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, (1981); and *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006). If a plaintiff can establish a prima facie case exists, the familiar burden-shifting analysis of *McDonnell Douglas* would then require the defendant to offer a non-discriminatory reason for its adverse action.

Here, Defendants argue that Plaintiff has failed to show that similarly situated male employees were treated more favorably with respect to the part time job because other female employees were given part time work – just not Plaintiff. See doc. no. 31 at p 10. Plaintiff contend that at the facility where she worked, no female employee was given part time work. See doc. no. 42, pp. 12-1.3

The very disagreement between the parties creates an issue of fact which cannot be decided by this Court as a matter of law. Accordingly, the Defendants' Motion for Summary Judgment will be denied. Plaintiff's claim that she was denied part time work based on her gender will proceed to trial.

### 2. Defendants' Time Barred Argument

Defendants contend that Plaintiff's discrimination claims pertaining to her requests for additional part time work and promotions are time barred. Plaintiff disagrees and argues that all of her discrimination claims may be considered under the continuing violation theory.

As noted above, the filing of a charge with the EEOC and receipt of a notice of the right to sue are prerequisites to a civil action under Title VII. *Hicks*, 572 F.2d at 963. In order to

proceed under Title VII in Pennsylvania, an employee has 300 days from the date of the occurrence of the discriminatory employment practice in which to file a charge with the EEOC. 42 U.S.C. § 2000e 5(e) (1988); *accord*, *Watson v. Eastman Kodak Co.*, 235 F.3d 851 (3d Cir. 2000) (holding that a charge of discrimination must be filed with the EEOC or PHRC within 300 days of the alleged discriminatory action).

In the present case, Defendants admit that one of Plaintiff's additional work requests fell within the 300-day time period – the request and/or denial of December 11, 2007. See doc. no. 31, p. 11, fn. 4. Thus, there is no dispute that this December 11, 2007 discrimination claim survives Defendants' Motion for Summary Judgment.

This Court will now address the continuing violation theory which would encompass Plaintiff's additional requests for part time work and the subsequent denials by Defendants.

As noted by Plaintiff, the time period for filing a charge with the EEOC is subject to equitable doctrines such as tolling or estoppel. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Plaintiff suggests that the continuing-violations doctrine applies here to toll the time period for filing a charge.

The continuing-violations doctrine "is an 'equitable exception to the timely filing requirement.'" *Cowell v. Palmer Township*, 263 F.3d 286, 292 (3d Cir. 2001), quoting *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995). The continuing violation theory was developed "[t]o accommodate . . . more indeterminate situations," as opposed to "more inflexible" cases in which "there is a discrete trigger event." *West* 45 F.3d at 754. The doctrine is a narrow exception to the filing requirement, and courts must focus on the "affirmative acts of the defendants." *Cowell,* 263 F.3d at 293.

The doctrine applies only where "'a defendant's conduct is part of a continuing practice'" and where a plaintiff can "establish that the defendant's conduct is 'more than the occurrence of isolated or sporadic acts.'" *Id.* at 292, quoting *Brenner v. Local 514, United Brotherhood of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991) and *West,* supra.

The Court of Appeals in *Cowell* recognized three factors that should be considered by a court when determining if a defendant's conduct is part of a continuing practice and is more than an occurrence of isolated or sporadic events:

> . . . (1) subject matter – whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency – whether the acts are recurring or more in the nature of isolated incidents; and (3) the degree of permanence – whether the act has a degree of permanence such that it should have triggered the plaintiff's awareness of and duty to assert his rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

263 F.3d at 292.

In *Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476, 483-484 (3d Cir. 1997), the Court of Appeals held that the plaintiff's hostile environment/sexual harassment claim constituted a continuing violation; however, the Court of Appeals also held that the plaintiff's failure to promote and failure to train claims were not the type of claims that could be viewed as part of a continuing violation. Rather, the Court of Appeals deemed these claims to be "discrete instances of discrimination . . . not susceptible to a continuing violation analysis." *Id*.

Turning to the instant matter, this Court finds that although Plaintiff may pursue her sexual harassment/hostile work environment claim predicated upon a continuing violation theory, her discrimination claims predicated upon her requests for additional part time work and

Defendants' denial of those requests constitute discrete events and do not fall within the ambit of a continuing violation theory.

However, because Plaintiff did request a promotion on December 11, 2007, and because she was denied this opportunity which falls within the statutory period, she may proceed with her discrimination claim against Defendants on that claim. Whether evidence of her multiple other requests for part time work (and Defendants' subsequent refusals to provide her with that additional part time work) can be considered for purposes of Plaintiff's hostile work environment claim, will no doubt be the subject of Motions in Limine and are not appropriate for this Court address herein.

Therefore, on this issue, this Court will deny Defendants' Motion for Summary Judgment as to the December 11, 2007 discrimination claim, but will grant it in all other respects.

### D. Plaintiff's Discriminatory Termination Claim

Defendants contend that Plaintiff failed to raise a claim for discriminatory termination. Alternatively, Defendants argue that even if Plaintiff did assert a valid claim, they had a legitimate, non-discriminatory reason for terminating Plaintiff. Plaintiff contends otherwise, stating that her claim for discriminatory termination is tied to her discrimination claim predicated upon Defendants' refusal to offer her additional part time work.

Importantly, Plaintiff and Defendants concur that her termination took place the day of, or one day after a male employee was offered additional part time work for which Plaintiff applied but was denied.

As discussed above, Plaintiff here must establish:

> . . . that (1) she is a member of a protected class; (2) she is qualified for the position in question; (3) she suffered an adverse employment action;

and (4) circumstances exist that give rise to an inference of unlawful discrimination in that similarly situated male employees were treated more favorably.

*Brown-Baumback v. B&B Automotive, Inc.* 2011 WL 2421036, *4 (3d Cir. June 17, 2011), citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, (1981); and *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006). If she can establish a prima facie case exists, the familiar burden-shifting analysis of *McDonnell Douglas* requires Defendants to offer a non-discriminatory reason for their adverse action.

Plaintiff clearly raised the discriminatory termination claim in her EEOC charge. Her charge reads in pertinent part:

> . . . On or about December 12, 2007, I was discharged from position of bus driver. . . . I was never given a reason why I was discharged. . . . I believe was discriminated against because of my sex . . .

Doc. no. 30 at p. 82. In addition, her Amended Complaint alleges that on December 11, 2007 (the day before her termination) she learned that another male driver was being promoted to a driver's trainer position (see doc. no. 11, ¶ 25) and that as a result of this gender discrimination Plaintiff suffered "lost income" and "lost opportunity to advance in her job and future employment opportunities[.]"

Given these averments, this Court finds that Plaintiff did assert a claim for discrimination-based termination and Defendants' Motion for Summary Judgment on this issue will be denied.

### E. Judicial Estoppel

Judicial estoppel "typically applies when, among other things, a party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an

inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1249 (2010).

Here, it is undisputed that Plaintiff engaged in union organizing while she was employed by Defendant Monark. Further, the parties agree that Plaintiff filed a Charge Against Employer with the National Labor Relations Board ("NLRB") the day after she was terminated from Defendant Monark, and in her charge she alleged that her termination was a result of her union activities. However, it is equally indisputable that the charge was withdrawn. Accordingly, no prior legal proceeding took place before the NLRB.

Thus the doctrine of judicial estoppel is inapplicable and Defendants' Motion for Summary Judgment will be denied on these grounds. However, this decision does not preclude Motions in Limine to be filed on the relevance of documentary and testamentary evidence concerning Plaintiff's NLRB filings.

### F. Pendant State Claims Against Defendant Schmitt

As noted above, Plaintiff's sexual harassment/hostile work environment claim has survived Defendants' Motion for Summary Judgment, in part, due to Defendant Schmitt's alleged observations of the alleged adverse work conditions. In addition, one of Plaintiff's sexual discrimination claims has survived Defendants' Motion for Summary Judgment. Accordingly, Defendants' Motion for Summary Judgment on the pendant state-based claim for "aiding and abetting" sexual harassment and discrimination will be denied.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion for Summary Judgment is denied in all respects, except as set forth in subpart, "C.2." above. An appropriate Order follows.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:    All Registered ECF Counsel and Parties